

**LEGAL DEPARTMENT**
**NATIONAL SECURITY**
**PROJECT**

National Office
125 Broad Street,
18th Floor
New York, NY 10004
Tel: (212) 549-2644
Fax: (212) 549-2644
aclu.org

**OFFICERS AND**
**DIRECTORS**

Susan N. Herman
*President*

Anthony D. Romero
*Executive Director*

Richard Zacks

April 8, 2020

**VIA CM/ECF**

Honorable Ramon E. Reyes
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *CLEAR, et al. v. U.S. Customs and Border Protection*, No. 19-cv-7079 (EK/RER)

Dear Judge Reyes:

We represent Plaintiffs in the above-referenced Freedom of Information Act ("FOIA") lawsuit and submit this letter pursuant to the Court order dated March 23, 2020 (ECF No. 13) and in advance of the initial conference scheduled for 2:00 p.m. on April 14, 2020. Counsel for Plaintiffs have conferred with counsel for Customs and Border Protection ("CBP").

Plaintiffs oppose Defendant's motion for a 60-day abeyance because CBP, by its own account, continues to locate and process records, despite the current circumstances. Nonetheless, CBP has declined to agree to a production schedule, as is customary in virtually every FOIA lawsuit. Plaintiffs are sensitive to the unique challenges posed by the COVID-19 pandemic and are prepared to accommodate a production schedule that takes account of CBP's need to respond appropriately to this crisis. But it is clear that CBP's FOIA production can and should continue to move forward in an orderly fashion. Accordingly, Plaintiffs believe it would be reasonable for the Court to set a production schedule in this matter at the initial conference.

*Plaintiffs' FOIA Request and Expedited Processing*

Plaintiffs submitted their FOIA request on November 7, 2019, and sought "expedited processing" based on a "compelling need." 5 U.S.C. § 552(a)(6)(E)(ii), (v)(II). The FOIA request sought records from CBP pertaining to its Tactical Terrorism Response Teams ("TTRTs"). As described in the complaint, TTRTs are highly secretive CBP units that target U.S. citizens, who are not on any government watchlist and do not present a security risk, for the purpose of gathering information. In addition, CBP officials have publicly acknowledged that TTRT officers may rely on their "instincts" to detain, search, and interrogate travelers, including U.S. citizens. Compl., ECF No. 1, ¶¶ 14, 16, 20. For these reasons, TTRTs raise serious constitutional concerns, including the risk that they are unlawfully profiling travelers on the basis of race, religion, ethnicity, or national origin, or detaining, searching, and/or interrogating travelers because of their speech or associations, which may be protected under the First Amendment.

Given the upcoming conference, Plaintiffs anticipated that the parties would jointly propose an agreed-upon production schedule to the Court, as is typical in FOIA cases. CBP, however, declined to negotiate a schedule, and suggested that the best course would be for Plaintiffs to either dismiss their

suit entirely or agree to a 60-day abeyance with no production deadlines. Plaintiffs file this letter in response to CBP's request for an abeyance.

*CBP's Request for a 60-Day Abeyance*

Despite CBP's representations—including estimates for when it expects to produce additional batches of documents—it declines to agree to a production schedule. CBP's assertion that "[t]here are simply too many uncertainties in the present environment to make . . . deadlines appropriate" is unjustified. Courts are not suspending all deadlines in light of COVID-19. An absence of deadlines would be particularly inappropriate here where CBP has continued to locate and process FOIA records remotely and where it has specifically represented that it has located and processed records responsive to Plaintiffs' request. Plaintiffs are prepared to accommodate a production schedule that takes account of COVID-19, and CBP may also seek adjustments to the schedule if necessary in light of evolving circumstances.[1]

The government is also wrong that its production of records would render the current complaint moot. The complaint seeks not just the processing of Plaintiffs' FOIA request, but also an adequate search and the production of all non-exempt, responsive records. Thus, the resolution of this case will depend on whether Defendant's search for responsive documents is adequate, and whether it has lawfully withheld and/or redacted records pursuant to FOIA exemptions. As is typical in FOIA actions, any dispute about these issues would be resolved on cross-motions for summary judgment if necessary, not through an amended complaint.

*Other Case Management Matters*

Because this matter is a FOIA action, Plaintiffs understand Local Civil Rule 16.1 exempts the parties from the requirement of a mandatory scheduling order under Fed. R. Civ. P. 16(b). Moreover, Plaintiffs respectfully suggest that the traditional case management structure set forth in the Court's template Civil Case Management Plan and Scheduling Order is not applicable because they anticipate that this matter, like most FOIA actions, will be resolved on cross-motions for summary judgment without the need for discovery. Plaintiffs, however, reserve the right to seek discovery if necessary.

\* \* \*

For the reasons set forth above, Plaintiffs oppose Defendant's request for a 60-day abeyance and respectfully request that the Court order a production schedule at the initial conference.

Respectfully submitted,

/s/ Scarlet Kim

| | |
|---|---|
| Robert Hodgson | Scarlet Kim |
| Christopher Dunn | American Civil Liberties Union Foundation |
| New York Civil Liberties Union Foundation | 125 Broad Street, 18th Floor |
| 125 Broad Street, 18th Floor | New York, NY  10004 |
| New York, NY  10004 | Phone: (212) 549-2500 |
| Phone: (212) 549-2500 | Email: skim@aclu.org |
| Email: RHodgson@nyclu.org | |
| CDunn@nyclu.org | *Counsel for Plaintiffs* |

---

[1] As just one example, in another FOIA case the ACLU is currently litigating against CBP and ICE, the court ordered a production schedule at the initial status conference in February 2020. Notably, both agencies have met the court-ordered production schedule, which required all responsive documents to be produced in March 2020. *See ACLU v. CBP et al.*, No. 19-cv-11311 (JSR) (S.D.N.Y., filed Dec. 19, 2019).